Valeda Lariviere
vs.
John Hancock Mutual Life Insurance Co.
} No. 90241.

July 12, 1933.

FROST, J. Heard on defendant's motion for new trial after verdict for plaintiff in the sum of $1169.88.

This is an action brought by the beneficiary, named in a policy of insurance, covering the life of her late husband, Frederic Lariviere.

The main contract of insurance contains a supplementary contract providing for certain benefits in the event of total and permanent disability occurring within a fixed period. The provision on which the plaintiff specially relies is found on the first page of the supplementary contract (Plff's Ex. 4) and contains the following language:

"If proof of disability is not presented during the lifetime of the Insured, but if it shall be duly established by proofs of death that total disability occurred during the continuance of the policy as aforesaid * * * and had continued for not less than ninety days directly preceding death, and not otherwise, the Company will pay to the beneficiary * * * disability benefits for each completed month of total disability, and any premiums falling due during such disability and remaining unpaid at death will not be held to be in default."

Frederic Lariviere died at the State Sanatorium, Wallum Lake, of tuberculosis of the lungs, on April 6, 1932, in his forty-fifth year.

The last payment made or applied on the policy of insurance in question continued the policy to, at least, the 18th day of December, 1930. The testimony does not show that Lariviere ever applied for disability benefits.

To determine whether the beneficiary is entitled to recover under the provisions of the policy already referred to, it is necessary to review briefly the evidence bearing upon Lariviere's condition from September, 1930, to the time of his death.

Some time in September, 1930, according to the evidence, Lariviere fell on the stairs, thereby sustaining an injury to his right ankle. At that time he was working as a blacksmith for

Jannell Body Mfg. Co. of Woonsocket. He ceased to work for this concern on September 6, 1930. One Houle testified that he worked with Lariviere and that some five or six weeks after Lariviere stopped work for Jannell Body Mfg. Co., he saw him walking with a cane.

On January 18, 1931, he was admitted to the Woonsocket Hospital, suffering from arthritis of the right ankle. The hospital record states: "For past three months patient has had intermitten swelling of his right ankle with pain and tenderness. For last three weeks, patient has not been able to walk on account of the pain from the leg. At times it has turned red. Trouble started when patient slipped downstairs and sprained his right ankle." He was discharged on February 26, 1931, condition improved.

Dr. Tanguay, on whose service Lariviere was, testified that he was able to work neither when he entered the hospital nor when he left it; that he had a tubercular joint and that walking would have made it worse.

Mrs. Fontaine testified that Lariviere lived with her after he left the hospital and that he never went out without his crutches.

Mrs. Marie Gauthier testified that Lariviere lived at her house from the beginning of July, 1931, to October of the same year, when he went to the Poor Farm. She said that he carried two crutches and that his leg was bent to the rear.

Dr. John B. Archambault attended Lariviere on July 12, 1931, at Mrs. Gauthier's house on Clinton Street, Woonsocket, and thereafter saw him daily for a month and then less often until he went to the Poor Farm. He was suffering from general tuberculosis. The doctor took a large amount of pus from his right foot.

Lariviere was admitted to the City Asylum on October 21, 1931. He came on crutches, walked only on crutches and left in a basket. He left the Asylum on February 20, 1932, and was again taken to the Woonsocket Hospital, apparently because of a general tubercular condition. On March 2, 1932, he was transferred to Wallum Lake Sanatorium where he died on April 6, 1932, of tuberculosis of the lungs.

From the verdict of the jury it would seem that the jury reached the conclusion that Lariviere was unable to work from some time prior to December 18, 1930, to the time of his death. While the testimony does not show Lariviere's physical condition on each and every day of this period, enough is shown to warrant the jury, in the opinion of the Court, in finding that Lariviere from September, 1930 to April 6, 1932, was totally disabled.

The jury was also justified in finding that there was a waiver on the part of the insurance company which made it unnecessary for the beneficiary to file the usual proofs of disability and death.

The Court thinks the verdict of the jury is supported by a fair preponderance of the testimony and defendant's motion for a new trial is therefore denied.

For plaintiff: Morris E. Yarous.
For defendant: George Hurley.